[Cite as *Brown v. Dept. of Rehab. & Corr.*, 2010-Ohio-3751.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HORACE BROWN, III

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-05226

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On May 19, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On June 2, 2010, plaintiff filed a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4}   At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Ross Correctional Institution (RCI) pursuant to R.C. 5120.16.  Plaintiff alleges that on April 4, 2009, he fell from his upper bunk, hit his head on the sink, and that he suffered numerous lacerations and a broken vertebra as a result.  Plaintiff further alleges that after the fall he was compelled by employees of defendant to walk from his cell to a cart and that he was then forced to sit upright in the cart on the way to the infirmary.  According to his complaint, when plaintiff arrived in the infirmary he was made to change his clothing, placed in arm and leg shackles, and then made to walk to a van for transport to a hospital.  Plaintiff asserts that due to the nature of his injuries, a stretcher should have been used to move him from his cell to the cart and from the cart to the transport van.

{¶ 5}   In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 6}   In support of its motion for summary judgment, defendant filed the affidavit of Richard Krauser, who states:

{¶ 7}   "1.   I have personal knowledge of and I am competent to testify to the facts contained in this Affidavit.

{¶ 8}   "2.   I am employed by [defendant] as a Nurse I at [RCI] in Chillicothe, Ohio.  I have been a Nurse I for approximately twelve years.  I have been a Registered Nurse in the state of Ohio since October 23, 1995.

{¶ 9}   "3.   Through my employment at [defendant], I have personal knowledge of [defendant's] policies and procedures regarding inmate medical treatment and care.

{¶ 10} "4. As a policy and procedure at [defendant], when an inmate allegedly falls from his/her bed, medical staff is summoned to begin administering medical care. The responding registered nurse and/or certified medical professional assesses the condition of the inmate. As part of providing treatment to the inmate, the responding medical professional determines how the inmate should be moved and/or transported from his/her cell if necessary or indicated.

{¶ 11} "5. * * *

{¶ 12} "6. On April 4, 2009, I was working in the infirmary and received notification that [plaintiff] allegedly fell out of his bed and cut his head.

{¶ 13} "7. Pursuant to [defendant's] policy and procedure, I, as the registered nurse assigned to respond to medical emergencies, reported to [plaintiff's] cell in Unit 2A to assess his condition. As a part of my treatment and care of [plaintiff], I decided how to appropriately move him from his cell to the infirmary and ultimately to the transport van for further medical evaluation, treatment and care.

{¶ 14} "8. Based on my training, education and experience, it is my opinion, to a reasonable degree of medical certainty, that the medical decisions regarding [plaintiff's] care, transport and treatment met the generally accepted standards of medical care."

{¶ 15} A party moving for summary judgment bears the initial burden to inform the trial court of the basis for its motion, and to point to portions of the record that show that there are no genuine issues of material fact on the non-moving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107. Once the moving party has met its initial burden, the non-moving party must produce competent evidence establishing the existence of a genuine issue for trial. Id.

{¶ 16} In opposition to the motion, plaintiff provided his own affidavit. However, the bulk of plaintiff's averments concern his allegedly erroneous assignment to an upper bunk, a claim for which was dismissed by the court on September 1, 2009. Regarding his movement from his cell to the infirmary, and ultimately to a transport van, he states

merely that he "had a severe visible injury to his forehead and a visible cut under his eye and was in pain which was aggravated when correctional officers forced him to walk from his cell to the cart, change his clothes and walk to the van." Plaintiff's own affidavit testimony is not competent to rebut that of defendant's nurse who stated that defendant acted according to the accepted standard of care at all times when transporting plaintiff from his cell to the transport van.

{¶ 17} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

_____
CLARK B. WEAVER SR.
Judge

cc:

Emily M. Simmons                          Richard F. Swope
Assistant Attorney General                6480 East Main Street, Suite 102
150 East Gay Street, 18th Floor           Reynoldsburg, Ohio 43068
Columbus, Ohio 43215-3130

MR/cmd
Filed July 27, 2010
To S.C. reporter August 11, 2010